70

The State, ex rel. Stevens, Appellee, *v.* Mummey, Lake County Auditor, Appellant.

(No. 69-805—Decided September 23, 1970.)

*Mr. Paul H. Hentemann*, for appellee.

*Mr. Fred V. Skak*, prosecuting attorney, and *Mr. Charles N. Delsantro, Jr.*, for appellant.

*Per Curiam.* The narrow question in this case is whether there is a clear legal duty on the part of the respondent to issue a warrant for the payment of $1,500 from the money appropriated to the account for special clerks.

R. C. 319.16 provides, in pertinent part:

"* * * The auditor shall not issue a warrant for the payment of any claim against the county, unless it is allowed by the board of county commissioners, except where the amount due is fixed by law or is allowed by an officer or tribunal so authorized by law."

It is relator's position in this case that he is entitled to a writ of mandamus against respondent because the payment was within the budget approved by the commissioners and the county treasurer is authorized by law to order payment, and has ordered payment, for his services as a *special clerk.*

However, R. C. 325.17, as effective here, which authorized employment of clerks by county treasurers, provided, in part, as follows:

"The officers mentioned in Section 325.27 of the Revised Code may appoint and employ the necessary deputies, assistants, clerks, bookkeepers, or other employees for their respective offices, fix the compensation of such employees and discharge them, *and shall file certificates of such action with the county auditor.* Such compensation shall not exceed, in the aggregate, for each office, the amount fixed by the board of county commissioners for such office. When so fixed, the compensation of each such deputy, assistant, bookkeeper, clerk, and other employee may * * * be paid * * * from the county treasury, upon the warrant of the auditor. * * *" (Emphasis added.)

A review of the record in this case indicates that the respondent never received a certificate of appointment or employment of relator as a special clerk or fixing relator's compensation for such a position. Absent such a certification there could be no clear legal duty on the part of the respondent to issue a warrant for the amount specified.

Relator argues that the appearance of his name on the February 28, 1969, payroll list, together with the number of the account for special clerks, constituted certification within the meaning of R. C. 325.17. We do not agree. We conclude that that statute requires a certification of appointment or employment to a specific office and the fixing of compensation for that office by some manner other than a payroll schedule submitted after the rendition of services.

During the hearing before the special commissioner in the Court of Appeals, the county treasurer testified on cross-examination as follows:

"Q. All right. Now, you received the resolution [of the county commissioners] on the 11th day of January, is that correct, Mr. Supanick? I believe that is what your testimony was.

"A. January 11th at 11:47 a. m.

"Q. Now, according to your testimony earlier, you

continued to employ Mr. Stevens as delinquent personal property tax collector after the 11th day of January, is that correct?

"A. Yes.

"Q. Did you have an agreement with Mr. Stevens to employ him in this capacity?

"* * *

"A. The agreement at that time, based on counsel that I had, was to continue to employ him in this capacity, turn in the payroll under the account of a delinquent personal property tax collector and at the time, on the advice of counsel, it was hoped that the matter would be resolved.

"* * *

"Q. Now, when you certified Mr. Stevens to the 1-C-2A Account—

"A. Yes.

"Q. Had you made an agreement with him at this time to employ him in another capacity other than personal property tax collector?

"A. No, I did not.

"Q. So, as far as you were concerned then, if I may state it, on February 28th, he was still considered as a personal property tax collector?

"A. Yes."

Although we can perceive of no reason why relator could not have been employed as a special clerk by the county treasurer during the months of January and February, 1969, it is clear that he was not considered to be a special clerk or properly certified as such. Accordingly, we reverse the judgment of the Court of Appeals for the reason that there has been no showing of a clear legal duty on the part of the respondent to issue the warrant which relator seeks.

*Judgment reversed.*

O'NEILL, C. J., LEACH, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.